IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| EARNEST LEE WALKER, JR. | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-168-F |
| KELVIN L. BRYANT, *et al.*, | * |
| Defendants. | * |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate currently incarcerated in the Montgomery County Detention Facility, challenges the revocation of his probation. Named as defendants are Kelvin Bryant, the Department of Human Resources, Judge Johnny Hardwick, and Gary Stevens, Esq. Plaintiff seeks injunctive relief. Upon review of the allegations contained in the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).[1]

### FACTS

According to Plaintiff's complaint, he was on probation for thirteen months during which time he no problems and paid of his fines. In July 2004 Plaintiff's probation was

---

[1] These subsections provide that the court shall dismiss an inmate's *in forma pauperis* complaint at any time if it determines that the action presents grounds that fail to state a claim on which relief may be granted or seeks damages from defendants who are immune from such relief.

revoked after his wife filed assault charges against him. Plaintiff essentially contends that the basis for the assault charges were untrue and files this action seeking to challenge the validity of his probation revocation. (Doc. No. 1.)

**DISCUSSION**

Plaintiff complains that his probation was improperly revoked by Defendants. This claim provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless

2

such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations of probation and revocations and denial of parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole). Plaintiff has not shown that the probation revocation decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of his probation revocation. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the revocation of his probation be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. This case be dismissed prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of March, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE